UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  4:10CV1782  HEA |
| ) | |
| SAFETY NATIONAL CASUALTY ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on a joint motion of defendants Safety National Casualty Corporation ("Safety National") and AAA Bonding Agency, Inc. ("AAA Bonding") to dismiss this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, to transfer this action to the United States District Court for the Southern District of Texas under the first-filed rule and 28 U.S.C. § 1404(a)(change of venue).  The United States of America, on behalf of the Department of Homeland Security ("DHS"), opposes both the dismissal and the transfer.  For the reasons stated below, the Court will transfer this action to the Southern District of Texas.

This case involves three immigration bonds issued by defendants Safety National and AAA Bonding to DHS.  The Court notes that there is an action now pending in the Southern District of Texas that relates to more than 1000 immigration

bonds issued by these same defendants to DHS over a period of four years and raises substantially identical issues to those DHS seeks to assert in the case at bar.[1]  *See Safety National Casualty Corporation and AAA Bonding Agency, Inc. v. United States Department of Homeland Security, et al.*, No. 4:05-CV-2159 (S.D. Tx.).  At issue is whether the Court should transfer this case to the Southern District of Texas under the first-filed rule and/or 28 U.S.C. § 1404(a).

    The first-filed rule holds that the court in which an action is first filed is generally the appropriate court to determine whether subsequently-filed cases involving substantially similar issues should proceed.  *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-30 (5th Cir. 1985).  This rule is well-established in the Eighth Circuit.  *See U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990).  The first-filed rule is a discretionary doctrine, resting on principles of comity and sound judicial administration, that permits a federal district court to accept or decline jurisdiction over an action when a complaint involving substantially overlapping parties and substantive issues is pending in another federal court.  *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993).

    With regard to the change of venue statute, § 1404(a) states:

---

[1] The overlapping issues concern whether certain immigration bonds issued by Safety National and AAA Bonding have been properly declared to be breached by DHS.

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The purpose of § 1404(a) "is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)(citation omitted). Moreover, "[t]he efficient use of judicial resources and the benefit all parties will receive from preventing unnecessary duplication of time, effort and expense weigh heavily in favor of transfer." *May Dept. Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1166 (E.D. Mo. 1995).

Having carefully considered the arguments advanced on behalf of all parties, the Court concludes that the instant action should be transferred to the Southern District of Texas pursuant to both the first-filed rule and § 1404(a). Specifically, the Court finds that this case could have initially been brought in the Southern District of Texas.[2] Moreover, the pending Southern District of Texas lawsuit and the instant action involve overlapping issues and parties. The Court further finds that principles of comity, court efficiency, and wise administration, as well as the avoidance of

---

[2] AAA Bonding is located in Houston, within the Southern District of Texas. AAA Bonding issued the immigration bonds from its Houston office, and DHS sent to AAA Bonding in Houston the written notices regarding the immigration bonds. Moreover, the parties have been litigating more than 1000 disputed bonds in the Southern TXSDict of Texas for the past five years.

inconsistent results and forum shopping will all be served by transferring this action to the Southern District of Texas.

Additionally, the Court will deny plaintiff's pending motion for summary judgment [ECF No. 4], because the filing of this motion at the outset of the case was premature. The denial of plaintiff's motion for summary judgment will be without prejudice to refiling with the Honorable Keith P. Ellison, upon transfer to the Southern District of Texas and subject to his case management orders.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' joint motion to dismiss or transfer venue [ECF No. 5] is **GRANTED** in that this action shall be **TRANSFERRED** to the Honorable Keith P. Ellison in the United States District Court for the Southern District of Texas.

**IT IS HEREBY ORDERED** that defendants' joint motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [ECF No. 4] is **DENIED**, without prejudice.

Dated this 30th day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE